| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

UNITED STATES OF AMERICA §
§
§
vs. § CRIMINAL NO. H-09-335
§
JAMES M. DAVIS §
§
§

*United States Courts*
*Southern District of Texas*
**ENTERED**
JUL 16 2009
Clerk of Court

# ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the release of the defendant is subject to the following conditions:

1. Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified):

   _____ on _____
   Place                        Date/Time

2. The defendant shall immediately advise the Court, defense counsel and the Pretrial Services Agency, in writing, of any change in address and telephone number.

3. The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

4. The defendant shall not intimidate or attempt to intimidate a witness, juror or officer of the court (18 USC § 1503), obstruct a criminal investigation (18 USC § 1510), or tamper with or retaliate against a witness, victim or informant (18 USC §§ 1512 and 1513).

**RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND**

IT IS FURTHER ORDERED that the defendant be released provided that:

[X] 5. The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

[ ] 6. The defendant executes an unsecured bond binding the defendant to pay the United States the sum of $_____ in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

   [ ] The bond shall be signed by the following person(s) as surety:

   _____

   _____

# Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

[ ]  7.  The defendant is placed in the custody of:

_____
(Name of person or organization)

_____
(Address)

_____
(City/State/Zip Code)                              (Area Code/Telephone Number)

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed:_____
Custodian or Proxy

[X]  8.  The defendant shall:

[X]  a.  Maintain verifiable employment at all times; if unemployed, actively seek employment.

[ ]  b.  Maintain or commend an educational program.

[X]  c.  Abide by the following restrictions on place of abode or travel: ~~Southern District of Texas~~ and Western District of Michigan and Houston, Texas for Court related matters

[X]  d.  Avoid all contact with any alleged victim of the offense charged and with any potential witness who may testify concerning the offense, and not associate with any person engaging in criminal activities or who has been charged with or convicted of a felony offense, or who has been released on bail, probation or parole.

[X]  e.  Report on a regular basis to the **U. S. Pretrial Services Agency - Phone: 713-250-5218**.

[ ]  f.  Comply with the following curfew:

_____

[X]  g.  Refrain from possessing a firearm, destructive device or other dangerous weapon.

2

[X] h. Refrain from excessive use of alcohol and any use or unlawful possession of a narcotic drug and other controlled substance (defined in 21 USC § 802) unless prescribed by a licensed medical practitioner.

[ ] i. Participate in drug and alcohol screening and treatment as directed by Pretrial Services. The defendant will incur the costs associated with this condition based on the ability to pay as determined by the Pretrial Services Officer.

[ ] ii. Undergo medical treatment or psychiatric treatment, including treatment for drug or alcohol dependency or substance abuse. Treatment will be at:

_____

as directed by Pretrial Services. Defendant shall remain in that institution if required for that purpose. The defendant will incur the costs associated with this condition based on the ability to pay as determined by the Pretrial Services Officer.

[X] j. Execute an appearance bond in the amount of $__500,000__. There will be deposited in the registry of the Court the sum of $__5,000__. This deposit will be returned to the depositor upon the Court's determination that the defendant has performed the conditions of his release.

   [X] The bond shall be signed by the following person(s) as surety:

   __3 Signatures - Son + In laws__

[ ] k. The defendant will execute an appearance bond in the amount of $ _____, secured by joinder of a corporate surety, duly authorized as an acceptable surety on federal bonds.

[X] l. Surrender any passport to the Clerk and/or [X] obtain no other passport.
   + Wife's Passport

[ ] m. Electronic Monitoring. The defendant is restricted to his or her place of residence continuously, except for absences authorized by the Pretrial Services Officer. The Pretrial Services Officer may approve absences for gainful employment, religious services, medical care, education or training programs, and at other time as may be specifically authorized by the Pretrial Services Officer. Electronic monitoring may be used to monitor compliance with this condition; however, alternative means of surveillance may be used that will ensure compliance with this special condition. If electronic monitoring is used, the defendant will incur costs associated with such monitoring, based on ability to pay as determined by the Pretrial Services Officer.

[ ] n. Special conditions:

_____

_____

3

# Advice of Penalties and Sanctions

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 USC § 3148, and a prosecution for contempt as provided in 18 USC § 401 which could result in a possible term of imprisonment or fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony, or to a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself. 18 USC § 3147.

18 USC § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 USC § 1510 makes it a criminal offense punishable by up to five years imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 USC § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 USC § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 USC § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sending, surrender for the service of a sentence, or appeal or certiorari after conviction for:

[ ] 1. an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

[ ] 2. an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

[ ] 3. any other felony, the defendant shall be fined not more than $250,000 or imprisoned for not more than two years, or both;

[ ] 4. a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

# Acknowledgment of Defendant

I acknowledge that I am the defendant in this case, and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.



_____
Signature of Defendant

_____
Address

_____
City/State/Zip Code

_____
Telephone Number

# Direction to United States Marshal

[X]  The defendant is ORDERED released after processing.

[ ]  The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date:_____7/13/09_____          _____
                                             Calvin Botley
                                             United States Magistrate Judge

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

HOUSTON DIVISION                                        Deft # 1

UNITED STATES OF AMERICA         §   Criminal No. H- 09-335
                                 §
                                 §   Pending in  Southern   District
vs.                              §
                                 §   of  Texas
                                 §
JAMES M. DAVIS                   §          Houston, TX   Division

                                     Bond Set:  $  500,000
                                     Deposit :  $    5,000

### AFFIDAVIT OF OWNERSHIP
### OF SECURITY FOR APPEARANCE

I,  DAVID FINN  , on oath declare that I am the (owner) ~~agent for owner~~) of the $ 5,000  (Cashier's Check/Money Order No. _____ drawn on _____ [Bank]) deposited as security on the appearance bond set for the defendant named above, and that said deposit is to be returned to the owner at the address listed below upon conclusion of this cause of action:

_____
Name of Owner

_____
Street or P. O. Box No.

_____
City, State, Zip Code

I, as ~~owner~~/Agent for owner, subject said funds to the provisions of Local Rule 16 and consent and agree that should the defendant fail to abide by the conditions of release imposed by the Court, the Court may, upon notice to me of not less than 10 days, proceed to have said funds forfeited.

_____
Signature

_____
Address if Different from above

SWORN TO AND SUBSCRIBED BEFORE ME on  7-13-09
                                      MICHAEL N. MILBY, CLERK

                                      By _____
                                      Deputy Clerk

```
Mon Jul 13 11:21:43 2009

    UNITED STATES DISTRICT COURT

    HOUSTON          , TX

Receipt No.   4 603318
Cashier       kristyl

Tender Type  CASH

Transaction Type   C

Case No./Def No. 4:09-CR-335-01/
                                    1

DO Code     Div No       Acct
4679          4          604700

Amount              $    5000.00

BOND PMT FOR JAMES M DAVIS;

PD BY DAVID FINN


                cn
```